In the Matter of ELIZABETH F. VILKOMERSON (also Known as ELIZABETH FRANCES VILKOMERSON), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, December 14, 1945.

*Einar Chrystie* for petitioner.

*Elizabeth F. Vilkomerson*, respondent in person.

*Per Curiam.* Respondent has been charged with professional misconduct. The principal charge is that through fraud and undue influence she induced an old lady about seventy-eight years of age, who had been judicially declared incompetent and who by court order had been placed in the custody of respondent, to sign a will by which respondent hoped to enrich herself to the extent of more than $15,500. The surrogate before whom the validity of the will was contested found, in refusing probate, that the will was procured by the fraud practiced and the undue influence exerted upon the incompetent who was under the domination and control of the respondent.

Respondent is also charged with maintaining litigation in the name of a nonexistent client, deceiving the court and counsel by making false affidavits and statements as to the existence of the client; failing promptly to inform the substituted committee of the property of an incompetent of the death of the incompetent, and after the death of the incompetent, permitting such substituted committee of the property to make quarterly payments to respondent as substituted committee of the person, to which payments respondent was not entitled, necessitating litigation for the recovery of the same. In addition, respondent is charged with disobeying orders of the Surrogate's Court, resulting in bailable attachment and contempt proceedings.

Respondent has been allowed the fullest opportunity to demonstrate her freedom from guilt. The referee to whom the charges were referred has reported, however, that in his opinion the charges have been fully sustained.

The record establishes that respondent has no understanding of the obligation of her office as an attorney and counsellor at law; she has abused the confidential relationship of attorney and client, overreaching her helpless ward, hoping to enrich herself to the detriment of those naturally entitled to the ward's estate; has not hesitated to deceive the courts and fellow attorneys when it served her purpose; has resorted to deception to complicate the affairs of the estate of her ward and has deliberately ignored the orders of the court. By her conduct, respondent has demonstrated that she does not possess the character requisite for continued membership at the Bar. She should, therefore, be disbarred.

MARTIN, P. J., TOWNLEY, GLENNON, DORE and COHN, JJ., concur.

Respondent disbarred. [See *post,* p. 1013.]